E-FILED
Thursday, 06 November, 2025  03:55:44 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFFREY T. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 25-3256-SEM-DJQ** |
| | ) | |
| | ) | |
| **WARDEN STEVEN CAMPBELL** | ) | |
| **and COUNSELOR COURTNEY** | ) | |
| **BELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

**SUE E. MYERSCOUGH, U.S. District Judge:**

Plaintiff Jeffrey T. Jones, proceeding *pro se*, is an inmate with

the Illinois Department of Corrections ("IDOC") who is currently

incarcerated at the IDOC's Sheridan Correctional Center. However,

the alleged wrongs committed against Plaintiff that form the basis

for this lawsuit occurred when he was housed at the IDOC's

Graham Correctional Center ("Graham"). The Court granted Plaintiff

leave to proceed *in forma pauperis*, and the case is now before the

Court for a merit review of his claims.

Because Plaintiff is a prisoner for purposes of the Prison

Litigation Reform Act, the Court is required by 28 U.S.C. § 1915A to

"screen" Plaintiff's Complaint and, through such process, to identify and dismiss any legally insufficient claim or the entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that, on July 31, 2023, he was arrested on a parole violation and was placed in Graham as a result. According to Plaintiff, the IDOC should have released him from custody on August 10, 2023.

In the weeks prior to August 10, 2023, Plaintiff attempted to contact the Warden at Graham, Defendant Steven Campbell, to

ensure that he would be released on August 10, 2023, but Plaintiff did not receive any response to his written inquiries.

Sometime prior to August 10, 2023, Plaintiff was able to speak with Defendant Counselor Courtney Bell about his pending release date. But when he asked Counselor Bell to ensure that he would be released on that date, Counselor Bell responded that "she did not give a shit" if he were timely released. Plaintiff spoke to Counselor Bell on two other occasions after August 10, 2023, but Counselor Bell made it clear that she would not help him even though she was aware that he was being held past his release date.

Finally, Warden Campbell responded to Plaintiff's emergency grievance about being incarcerated past his release date. However, Warden Campbell denied that Plaintiff's grievance was an emergency, and Warden Campbell refused to investigate the propriety of Plaintiff's allegations or to release him from the IDOC's custody. Plaintiff claims that he was unlawfully detained at Graham from August 11, 2023, until September 7, 2023, and he seeks monetary damages as a result.

Plaintiff's Complaint states a claim against Defendants for acting with deliberate indifference in violation of his Eighth

Amendment rights by knowingly keeping him incarcerated at Graham past his release date.

**IT IS, THEREFORE, ORDERED:**

1. Pursuant to its merit review of Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds that the Complaint states a claim against Defendants for acting with deliberate indifference in violation of his Eighth Amendment rights by knowingly keeping him incarcerated at Graham past his release date. Any additional claims shall not be included in the case except at the Court's discretion and on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk of the Court is directed to effect service of process upon all named Defendants pursuant to the Court's standard procedures.

3. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4.     The Court will attempt service on Defendants by mailing a waiver of service to them. Defendants have sixty (60) days from the date that the waiver is sent to file an answer. If Defendants have not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

5.     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6.     Defendants shall file an answer within sixty (60) days of the date that the waiver is sent by the Clerk. A motion to dismiss is

not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by a Defendant. Therefore, no response to the answer is necessary or will be considered.

7.     This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the

court has entered a Scheduling Order, which will explain the discovery process in more detail.

8.    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9.    Plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.    If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.    The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 6th day of November, 2025

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE