E-FILED
Friday, 08 May, 2026  03:03:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFFREY T. JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 25-3256-CRL |
| | ) | |
| | ) | |
| WARDEN STEVEN CAMPBELL | ) | |
| and COUNSELOR COURTNEY | ) | |
| BELL, | ) | |
| Defendants. | ) | |

OPINION

**COLLEEN R. LAWLESS, U.S. District Judge:**

This cause is before the Court on Defendants' Motion to Dismiss.

Defendants have filed a motion asking the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). On September 2, 2025, Plaintiff filed this lawsuit under 42 U.S.C. § 1983 alleging Defendant Warden Steven Campbell and Counselor Courtney Bell violated his Eighth Amendment rights by knowingly keeping him incarcerated at the Illinois Department of Corrections' ("IDOC") Graham Correctional Center ("Graham") past his release date. Thereafter, the Court entered a Merit Review Order, that is required by 28 U.S.C. § 1915A, in which the Court allowed Plaintiff to proceed on a deliberate indifference claim in violation of his Eighth Amendment rights as he alleged in his Complaint.

Now, Defendants ask the Court to dismiss Plaintiff's Complaint against them for two reasons. First, Defendants argue that Plaintiff's Eighth Amendment claim is barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).

1

According to Defendants, Plaintiff's Eighth Amendment claim against them would necessarily invalidate or call into question Plaintiff's conviction or revocation of his parole, which is prohibited by *Heck*. Second, Defendants argue that they are immune from liability in this lawsuit based upon the Eleventh Amendment to the United States Constitution.

In response, Plaintiff argues the Supreme Court's holding in *Heck* has no bearing on his Eighth Amendment claim in this case. Plaintiff claims he is not challenging his sentence, which could trigger *Heck's* prohibition. Instead, Plaintiff contends he is challenging being held passed his proper release date based upon the sentence imposed by the state court. Therefore, Plaintiff argues that *Heck* is inapposite. As for Defendants' immunity argument, Plaintiff contends that he has sued Defendants in their individual capacities. Therefore, Plaintiff argues that the Eleventh Amendment does not protect them from his Eighth Amendment claim against them.

In *Heck*, the Supreme Court held that:

in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486. Therefore, *Heck* bars a lawsuit under § 1983 where a judgment in the plaintiff's favor would necessarily imply the invalidity of his criminal conviction or sentence unless the criminal conviction or sentence has been declared invalid. *Id.* at 487; *Savory v. Cannon*, 947 F.3d 409, 424–29 (7th Cir. 2020) (holding that *Heck's* favorable termination rule applies

in all § 1983 cases that implicate "the validity of [a] conviction or the length of [a] sentence" regardless of the availability of habeas relief). In other words, although an inmate cannot use § 1983 as a vehicle to challenge the length or validity of their sentence, an inmate may be able to pursue a claim under § 1983 that does not undermine a valid conviction and sentence. *Heck*, 512 U.S. at 486.

A review of the IDOC's website reveals that Plaintiff remains incarcerated at the IDOC's Sheridan Correctional Center. As a result, even if Plaintiff seeks only monetary relief and not a current release or an earlier release as a result of filing this lawsuit, Plaintiff's claim is barred by *Heck* because the challenge to his parole revocation could lead to an early release. *E.g.*, *Williams v. Jeffreys*, 2022 WL 523726, * 1 (S.D. Ill. Feb. 22, 2022) (finding that an inmate could not use a Section 1983 action to challenge IDOC's incorrect data entry about his sentence because his challenge could lead to earlier release); *Chambers v. Raines*, 2016 WL 3620707, * 1 (C.D. Ill. June 29, 2016) (finding that a current inmate whose parole had been revoked could not use a § 1983 action for monetary damages to challenge the validity of parole revocation evidence because that would necessarily imply the invalidity of the revocation); *Riley v. Hughes*, 2024 WL 3949444, * 3 (S.D. Ill. Aug. 27, 2024) ("In the present case, Plaintiff seeks only monetary relief, but his allegations are consistent with the latter group of cases where § 1983 relief is not immediately available. Plaintiff is still incarcerated, and a finding that the defendants are incorrectly calculating his sentence credit for release purposes, if successful, would necessarily imply an earlier or immediate release.").

Accordingly, Plaintiff's sole remedy, at this point, is through *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973). Plaintiff cannot obtain an award of damages for wrongful incarceration or pursue any other claim that would necessarily imply the invalidity of his conviction or his parole revocation unless his conviction or revocation is reversed on appeal, expunged, or otherwise declared invalid because such claims are barred by the Supreme Cour's holding in *Heck*. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").[1]

Because the Court has found that Plaintiff's claim is barred by the Supreme Court's holding in *Heck*, the Court need not consider Defendants' second argument in support of their motion to dismiss.

---

[1] In his response brief, Plaintiff asserts that, at a minimum, the Court should allow him to file an amended complaint if the Court agrees with Defendants that this case should be dismissed. Specifically, Plaintiff argues that the Court should allow him to allege a claim for the denial of access to the courts in violation of his First Amendment rights. Plaintiff points to the grievances that he has filed in which he complains that he is being denied access to the law library Graham, and therefore, he could not file a petition for *habeas corpus*. However, Plaintiff cannot amend his Complaint *via* a brief in response to a motion to dismiss. *E.g.*, *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) (noting that "it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Regardless, Plaintiff is no longer incarcerated at Graham. As a result, any interference with his ability to visit the law library at Graham is no longer an issue.

**IT IS, THEREFORE, ORDERED:**

1. **Defendants' Motion to Dismiss [14] is GRANTED.**

2. **Accordingly, the Clerk of the Court is directed to enter judgment, without prejudice, in Defendants' favor and against Plaintiff.**

3. **All other pending motions are denied as moot, and this case is terminated. All deadlines and settings on the Court's calendar are vacated.**

4. **If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

5. **If he wishes to proceed *in forma pauperis* on appeal, Plaintiff's motion for leave to appeal *in forma pauperis* must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c); *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith."); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective).**

6. **If he chooses to appeal, Plaintiff will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 8th day of May, 2026

s/ Colleen R. Lawless  
COLLEEN R. LAWLESS  
UNITED STATES DISTRICT JUDGE
